```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
FARRIS ABDUL MATIYN,                         :
                                             :
                Plaintiff,                   :
                                             :
        v.                                   :       **MEMORANDUM & ORDER**
                                             :       21-CV-2133 (WFK) (LB)
DEPARTMENT OF THE NAVY,                      :
COUNCIL OF REVIEW RECORDS,                   :
                                             :
                Defendant.                   :
------------------------------------------------------X
```

**WILLIAM F. KUNTZ, II, United States District Judge**:

Farris Abdul Matiyn, proceeding pro se, filed this *in forma pauperis* action pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) ("*Bivens*") against the Department of the Navy's Council of Review Records with respect to his application to correct his military records, specifically, a discharge upgrade. By Order dated May 6, 2021, Plaintiff's *Bivens* claim was dismissed for failure to state a claim for which relief may be granted, ECF No. 5 at 3-5, and Plaintiff was granted leave to amend his complaint to the extent he seeks review of a decision of the Navy's military review board under the Administrative Procedures Act ("APA").

On May 24, 2021, Plaintiff submitted an amended complaint. For the reasons discussed below, the amended complaint is DISMISSED without prejudice as premature. Plaintiff may refile his complaint, if necessary, when the Naval Discharge Review Board ("NDRB") has issued its decision.

## BACKGROUND

In the Complaint, Plaintiff alleges he had served in the military in the Vietnam War and had applied to the NDRB seeking an upgrade from an undesirable discharge to a medical or

1

hardship discharge, but he did not state when he applied or the result of his application.

From the March 7, 2021 Letter from the Board for Correction of Naval Records ("Board") attached to the amended Complaint, it is clear that Plaintiff's application is still pending before the Board. ECF No. 6 at 7. The letter provides that Plaintiff's application for correction of his Naval record has been received, a docket number 6996-20 has been assigned, that an advisory opinion has been prepared and forwarded to the Board, that Plaintiff has thirty days to provide further information or documents to the Board, and that a decision will be made "as scheduling will permit." *Id.*

## LEGAL STANDARD

A pleading must provide "a short, plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal, such a statement must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

At the same time, "document[s] filed *pro se* [are] to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations and citations omitted).

A district court shall also dismiss an *in forma pauperis* action if the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Under the Administrative Procedure Act, a plaintiff may petition a federal court for judicial review of a final agency decision "for which there is no other adequate remedy in a court." 5 U.S.C. § 704. Decisions of civilian military review boards, such as the Board named in this action, are among the final agency decisions subject to judicial review. *Dibble v. Fenimore*, 545 F.3d 208, 215 (2d Cir. 2008) (citing cases in which federal courts have reviewed decisions by various boards charged with correcting military records). Although exhaustion of administrative remedies is not required,[1] "finality of an agency decision is mandatory before judicial review." *Cillie v. McCarthy*, 19-CV-334, 2020 WL 4926595, at *11 (D. Conn. Aug. 21, 2020) (Bolden, J.) (citing *Brezler v. Mills*, 86 F. Supp. 3d 208, 216 (E.D.N.Y. 2015) (Bianco, J.) ("[I]t is well established that 'the APA explicitly requires that an agency action be final before a claim is ripe for review.'") (quoting *Air Espana v. Brien*, 165 F.3d 148, 152 (2d Cir. 1999)); *Top Choice Distribs., Inc. v. U.S. Postal Serv.*, 138 F.3d 463, 466 (2d Cir. 1998) ("Finality is an explicit requirement of the APA, while exhaustion is a judge-made creation[.]")).

Here, there is no final agency action for this Court to review; the Board has not yet made its decision on Plaintiff's application. Thus, this action is premature.

---

[1] Since *Darby v. Cisneros*, 509 U.S. 137, 147 (1993), which held courts can require an appeal to a superior agency authority as a prerequisite to judicial review only when expressly required by statute, "[c]ourts have found that this limitation on the exhaustion rule for Administrative Procedure Act claims applies in the military context." *Cillie v. McCarthy,* 2020 WL 4926595, at * 11 (citing *Manker v. Spencer*, 18-CV-372, 2019 WL 5846828, at *7 (D. Conn. Nov. 7, 2019) (Haight, J.) ("[T]he Supreme Court's decision in *Darby* and the plain language of the APA preclude the Defendant Secretary of the Navy from imposing an exhaustion of administrative remedy requirement upon" plaintiffs); *Doolen v. Esper*, 16-CV-8606, 2018 WL 4300529, at *12 (S.D.N.Y. Sept. 10, 2018) (Briccetti, J.) ("Under *Darby* . . ., federal courts have no authority to require plaintiffs to exhaust administrative remedies prior to seeking judicial review under the APA unless a statute or agency regulation 'clearly mandates' exhaustion as a prerequisite to judicial review. Here, no such requirement exists. Accordingly, plaintiff's APA claim is not barred for failure to appeal to the ABCMR." (citing *Connors v. United States*, 863 F.3d 158, 160 (2d Cir. 2017))); *Crane v. Sec'y of the Army*, 92 F. Supp. 2d 155, 161–62 (W.D.N.Y. 2000) (Curtin, J.) ("Almost without exception, federal courts throughout the country have also declined to create a military exception to the Court's decision in Darby.")).

## CONCLUSION

Accordingly, the Court dismisses the action without prejudice. If Plaintiff receives a final agency decision from the Board, he may, if necessary, refile his complaint. The Clerk of Court is directed to enter judgment and close this case.

The Court certifies pursuant to 28 U.S.C. §1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis status* is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully requested to send a copy of this order to Plaintiff by mail, and to note the mailing on the docket.

**SO ORDERED.**

s/ WFK
_____
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: June 1, 2021
      Brooklyn, New York